## DUGAN AS AD. VS. FOWLER.

The former decision in this case (3 Eng. 181) upon demurrer to the declaration, will be held conclusive as to the legal sufficiency of the declaration as a pleading to put the defendant to answer, but not as to extent or nature of the defence.

A plea, setting up as a defence to an action upon a forthcoming bond, an execution on the statute judgment existing on the forfeiture of such bond, (under the Territorial statute,) and a subsisting levy upon property of sufficient value, should be in abatement and not in bar.

When suit is brought upon a forfeited forthcoming bond, it may be defended against, just as when brought upon any other instrument upon which a recovery has been had.

An existing unsatisfied levy upon property sufficient in value to satisfy the judgment, is not such satisfaction as may be pleaded in bar of recovery; but is merely matter in abatement.

*Error to Pulaski Circuit Court.*

The Hon. W. H. FEILD, Circuit Judge, presiding.

This case was argued and submitted at January term, 1850.

WATKINS & CURRAN, for the plaintiff. The first position assumed by us is, that the plea is insufficient.

1st. Because it shows that the levy was upon negroes and real estate and avers that both together were of sufficient value. 2d, Because it is not alleged that the property levied upon belonged to either of the defendants in the execution. The plea merely states that it was levied upon "*as* the property of Cocke," without stating that it belonged to him. 3d, Because the plea fails to show that the property levied upon was the property of *Fowler*, the party who makes the defence. See *Walker vs. Bradley,* 2 *Ark. Rep.* 578. *McGinnis vs. Lilliard,* 2 *Bibb R.* 490. *Ontario Bank vs. Hallet,* 8 *Cow. Rep.* 194. *Green vs. Benke,* 23 *Wend.*

500. 2 *Saund. Rep.* 47 n (a.)  6 *Verm. Rep.* 237.  2 *N. Hamp*'. *Rep.* 298.  18 *Eng. C. L. R.* 273.  24 *Pick. Rep.* 259.

Fowler, contra, as to the sufficiency of the plea, contended that a levy on the property of the defendant to an amount sufficient to satisfy the execution, operates *per se* as a satisfaction and extinguishment of the judgment.  *Lawrence Ex parte*, 8 *Cow. Rep.* 418.  *Hoyt vs. Hudson*, 12 *John. Rep.* 207.  8 *Cow. Rep.* 194.  *Cummins vs. Webb*, 4 *Ark. Rep.* 233.  2 *Saund. Rep.* 47, *a note* 1.  *Hunt vs. Breading*, 12 *Serg. & Rawle* 41.  6 *Wend.* 563. *Lusk vs. Ramsay*, 3 *Munf. Rep.* 432.  1 *Freem. Ch. Rep.* 571.  3 *Yerg. Rep.* 298.  6 *ib.* 309.  2 *Nott & McCord* 393.  10 *Sm. & Mar. R.* 57.  3 *Mo. Rep.* 250, 354.  7 *Blackf.* 30, 350.  *Anderson vs. Fowler*, 8 *Ark. Rep.*  *Anthony vs. Humphries*, 9 *Ark.* 183. *Young vs. Read*, 3 *Yerg. Rep.* 298.

In a judgment against principal and surety, a levy upon sufficient property of the principal to satisfy the execution discharged the judgment and the surety, though the property be returned to the principal without the consent of the surety.  *Clark & Rance vs. Bell*, 8 *Humph.* (*Tenn.*) *Rep.* 28.  *Baird v. Rice*, 1 *Call. Rep.* 24.  *Davis vs. Mickell et al.*, 1 *Freem. Ch. Rep.* 571.  *Sneed's Ex. vs. White*, 3 *J. J. Marsh.* 528.  *Young vs. Read*, 3 *Yerg. Rep.* 298.  12 *Serg. & R. Rep.* 41.  17 *ib.* 438.  7 *How.* (*Miss.*) *Rep.* 393.

The opinion in the case of *Walker vs. Bradley*, 2 *Ark. Rep.* 595, that a levy without actual satisfaction, would only be available as a defence to the *debtor*, whose property was seized, and not to his *co-debtors*, as an *obiter dictum*, not necessary to the decision of the case, and contrary to common sense, reason and justice.

A sufficient levy when made is a good plea in bar on such a bond, and whilst it lasts as much a satisfaction as to take the defendant's money.  *Cass vs Adams et al.*, 3 *Ham. Ohio Rep.* 223.  *Kershan vs. Merch. Bank*, &c., 7 *How.* (*Miss.*) *Rep.* 393.

Mr. Justice Walker delivered the opinion of the court.

Dugan, as administrator, sued Fowler in debt on a forthcoming bond, executed to the plaintiff's intestate by John H. Cocke, as

principal, and William Cummins, and the defendant as his securities for the delivery of slaves seized in execution as the property of Cocke, to satisfy a judgment in favor of plaintiff's intestate against said Cocke.

The questions of law presented for our consideration arise upon the decision of the court below, sustaining the demurrer of the defendant to the plaintiff's replications to defendant's first plea. It is argued by the defendant that the legal sufficiency of the whole pleading is brought in review by the demurrer. This, as a general rule, is correct, but as the legal sufficiency of the declaration has already been decided, (3 *Eng.* 181,) that decision will be held conclusive upon that point. And as the counsel seem to differ widely as to the extent to which that decision will be held conclusive, it may be well to remark, that it is only conclusive as to the legal sufficiency of the declaration, as a pleading, to put the defendant to answer. But nothing is settled with regard to the extent or nature of the defence to be interposed. As regards that, the defendant is left just as if no demurrer had been interposed to the declaration.

Whilst this is the case, as regards the issues of fact to be formed, no second consideration of the declaration will be permitted upon a demurrer to the subsequent pleadings. The demurrer to the replications does, however, raise the question as to the sufficiency of the plea to which they were offered as a reply. And, we will proceed at once to consider the plea, because, if it should be found demurrable upon grounds not amendable, it will supercede the necessity of considering the questions arising upon the demurrer to the replications.

The plea is in bar and sets up a payment or satisfaction by a levy upon the slaves and real estate of Cocke, one of the defendants in the execution, in satisfaction of a statute judgment, upon the same forthcoming bond, upon which this suit is brought: which levy is averred to be upon property of sufficient value to satisfy such judgment, and to remain in full force and undischarged.

In support of this plea, it is contended that the bond was merged in the statute judgment; and that, as property of sufficien

value to satisfy it, is taken and held in satisfaction, the debt is
thereby, in fact, satisfied, and a bar to any recovery upon the
bond. The plaintiff's counsel, on the other hand, deny that the
levy is a satisfaction, such as can be plead in bar, or amounts to
more than an abatement or suspension of the right to further sat-
isfaction, until the levy is legally discharged; and denies that the
bond is merged in the judgment, or by force of the statute loses
its efficacy as a bond. The solution of this latter question is in-
volved in much difficulty.

Upon the return of the execution unsatisfied, and the bond as
forfeited, the statute gave the right, at once, by operation of law,
to sue out an execution against the principal and the security in
the bond. No formal judgment is pronounced. In this instance
it was done upon motion of the plaintiff and leave of court; but
still no formal judgment was rendered. It will not do to call the
bond the judgment. It is but the evidence of debt, which, to-
gether with the return of the officer thereon, upon which, when
brought into court, by mere force of the statute, there is, in con-
templation of law, a judgment existing, though not formally pro-
nounced, nor entered of record, yet so dependant upon the bond
and the return, as almost necessarily to live in them. For they are
the only record evidence, except the motion for execution and the
order granting it, of the existence of such judgment. In the case
of *Ruddell* against *Macgruder*, 6 *Eng.* 584, the nature of this sta-
tute judgment was considered with some care. In that case it
was said, "The non-delivery of the property transforms the bond
by operation of law into a statutory judgment, on which statu-
tory judgment, execution may issue against all of the obligors
in the bond. The execution does not issue upon the bond, but
upon the statutory judgment, which, by operation of law, springs
into being upon the forfeiture, and then exists in contemplation
of law." Adhering to this, as perhaps the best exposition which
we can give, and which has been heretofore cited with approba-
tion, we must hold that the judgment exists, not, properly speak
ing, in the bond: that is the evidence of a debt, and together with
the return, constitutes the foundation upon which the statute

judgment rests, and may also be considered the record evidence of its existence.

Thus considered, when suit is brought upon the bond, it may be defended against, just as when brought upon any other instrument, upon which there has been a recovery had. For there has been a recovery had upon this bond, and whether formally pronounced by the court, and entered upon the record upon·a given state of facts, or pronounced by the law upon another given state of facts, declared to be sufficient, it is still a recovery as full and as complete, in the one case as in the other, and is equally effective in procuring final satisfaction.

We come next to consider the efficacy of the particular defence interposed in this case. Conceding the plea to be in all other respects sufficient and formal, we come at once to the main point. Is an existing unsatisfied levy upon property sufficient in value to satisfy the judgment, such satisfaction as may be pleaded in bar of a recovery. We have repeatedly held that such a levy is a satisfaction, but not an absolute satisfaction in any event. It must depend upon circumstances connected with the future disposition of the levy, whether it is an absolute satisfaction or not. In the application of this rule, where the question arises as to whether further process for satisfaction should be suspended until the subsisting levy is disposed of, as in the case of *Whiting & Slark*, and the more recent case of *Trapnall vs. Waterman and Wood*, there is comparatively but little difficulty. The question did not arise upon plea; nor is that the mode of reaching such irregularity. Those cases settle the general principle, that a subsisting undischarged levy upon property, sufficient to satisfy the judgment, is a satisfaction until, by the discharge of the levy by sale or otherwise, it proves to be partial or incomplete. In those cases the question arose upon the right of the judgment creditor to further process upon his judgment; here the question comes up by plea in bar to another action upon the same demand. A judgment upon this plea in favor of the defendant, would be a perpetual bar to all further satisfaction, whether the levy should or not, upon sale of the property or other

legal discharge, prove to be sufficient: and as this would be the effect of the judgment on the plea, such plea cannot be allowed, for if allowed, the judgment of the court would go beyond the legal effect of the matter pleaded.

In the case of *Humphries vs. Anthony*, where an undischarged levy was pleaded in bar of a right to revive the judgment, upon which the levy was made, the insufficiency of the plea was neither discussed nor decided. The demurrer was to the replication, and although in considering the legal sufficiency of the replication, this court might have gone back to consider of the sufficiency of the plea, yet this was not done. The decision of the court settled alone the question as to the sufficiency of the replication. The decision in that case, therefore, is no authority for holding a plea in bar admissible in such cases, but must be limited to the precise point discussed and decided.

In a later case, *Fowler and Pike vs. Scott*, where after dissolution of an injunction, and pending an appeal from the decision of the court dissolving it, suit was brought upon the injunction bond, the pendency of the appeal, was plead in bar to a recovery upon the bond, the court held that, although a plea in abatement would have been the more appropriate plea, yet the defence might be pleaded either in bar or abatement. This decision was made upon the authority of *Bell vs. Chapman*, 10 *John. Rep.* 192, where a plea to the disability of the plaintiff, that he was an alien enemy, (a state of war then existing,) was held to be well pleaded in bar or abatement.

But it will be observed that the subject matter of defence in the last case, was to the disability of the party to sue, and not matter in bar of the recovery as in this case. These decisions, therefore, admitting the law to have been correctly decided, under the particular state of the case presented, do not conflict with our opinion in this case. We are satisfied that the defence set up in this plea cannot be plead in bar of the action; and whether the replications were sufficient in law or not, as the sufficiency of the plea was properly raised by the demurrer to the replications, the demurrer should have been overruled.

17

As this defence, according to our view of the law, is entirely cut off, so that the question cannot again arise in the court below, it becomes unnecessary to discuss the merits of the replications. A bad replication is sufficient for a bad plea.

Let the judgment be reversed and the case remanded to be proceeded in according to law and not inconsistent with this opinion.

WATKINS, C. J., not sitting.